IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| FREDERICK BURTON, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No.  09-2435 |
| MARTIN HORN, et al., | : | |
| Respondents. | : | |
| | : | |

Norma L. Shapiro, S.J.                                                                                    October 13, 2009

MEMORANDUM

Petitioner Frederick Burton filed a Petition for Writ of Habeas Corpus (paper nos. 1 and 5) on May 28, 2009, seeking to challenge, under 28 U.S.C. § 2254, his 1972 conviction for murder, assault and battery with intent to kill, and conspiracy in the Court of Common Pleas of Philadelphia County, Pennsylvania.  On August 6, 2009, the court dismissed the petition as a successive filing. (Paper no. 7).  Burton filed requests for reconsideration. (Paper nos. 8-12). For the reasons stated below, the court will grant in part Burton's Second Amended Motion for Reconsideration:  because the petition constitutes a "second or successive" petition under the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b), this court will transfer petitioner's case to the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 1631, in order that the Court of Appeals may determine whether the petition may be addressed on  the merits in the district court. See 28 U.S.C. § 2244(b)(3).

I.   FACTUAL AND PROCEDURAL BACKGROUND

Burton, an inmate at State Correctional Institution at Somerset, seeks to challenge the sentence imposed following his conviction in the Court of Common Pleas of Philadelphia County, Pennsylvania. Burton was tried for his role in the conspiracy to kill Philadelphia Police Officer Frank R. Von Colln on August 29, 1970. Burton was convicted by a jury of murder in the first degree, assault and battery, and criminal conspiracy.[1] The jury recommended life imprisonment for the murder conviction. On December 12, 1973, petitioner was sentenced to life imprisonment for murder with a concurrent life term for conspiracy. An additional one to two year sentence was imposed for assault and battery to run concurrent with the murder sentence but consecutive to the conspiracy sentence.

Burton filed this petition on May 28, 2009, but this is not his first federal challenge to his conviction. Burton filed a habeas petition in this court in 1988 (No. 88-0102) to challenge the same conviction he seeks to challenge here. In a Report and Recommendation filed on October 19, 1988, and adopted by the court on November 4, 1988, that petition was dismissed on the merits. Burton filed a second habeas petition (No. 99-0333) that was dismissed as a second or successive petition on March 5, 1999.

On August 6, 2009, this court dismissed the petition without prejudice for lack of subject matter jurisdiction as a successive filing. Burton filed a Motion for Reconsideration of the denial of leave to proceed in forma pauperis and dismissal of the petition. The court will grant Burton's

---

[1] The factual and procedural background are summarized in part from the Report and Recommendation filed in Burton v. Petsock, No. 88-0102 (E.D. Pa. October 19, 1988).

motion in part, and transfer the case to the United States Court of Appeals for the Third Circuit for a determination whether the petition may be addressed on the merits in this court. See 28 U.S.C. § 2244(b)(3).

## II.   DISCUSSION

Reconsideration serves to correct manifest errors of law or fact. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3rd Cir. 1985).  A court may grant a motion for reconsideration if there is: (1) newly available evidence; (2) an intervening change in controlling law; or (3) a need to correct a clear error of fact or to prevent manifest injustice. Haymond v. Lundy, 205 F. Supp. 2d 390, 395 (E.D. Pa. 2002). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Id.  Burton asserts that a manifest injustice will result if he is denied the opportunity for federal review of his claims, based on newly discovered evidence, that the Commonwealth of Pennsylvania perpetrated a fraud on the court during his 1970 trial and 1988 habeas proceedings.

Burton  argues that he can show the Commonwealth purposefully withheld exculpatory evidence.  Because of this alleged fraud on the court, he argues he should not be barred by Section 2244 from filing a successive petition.

28 U.S.C. § 2254 allows a person in custody due to the judgment of a State court to seek a writ of habeas corpus based "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).  With the passage of the AEDPA in 1996, Congress enacted gatekeeping provisions meant to limit the number of successive applications for the writ presented to the district courts. See Pub. L. 104-132, 110 Stat.

1214 (Apr. 24, 1996); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). The AEDPA provides, in relevant part:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> ( C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

A habeas petition is classified as second or successive if a prior petition has been decided on the merits and the prior and subsequent petitions challenge the same conviction. See 28 U.S.C. §§ 2244 (a), (b)(1); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003). Similarly, where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive." Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005) (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991) and Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992)).

In 1988, Burton filed a prior habeas petition asserting ineffective assistance of counsel for his attorney's failure to object to: (1) evidence seized pursuant to a non-existent search warrant; (2) irrelevant and prejudicial testimony of the victim's widow; and (3) prosecutorial comments in closing argument. Burton v. Petsock, et al., No. 88-0102 (E.D. Pa. 1988). The Honorable Louis C. Bechtle adopted the Report and Recommendation of Magistrate Judge Tullio Gene Leomporra that the petition be dismissed in its entirety as meritless on November 4, 1988.

Burton now contends he is entitled to relief on the following grounds: (1) the prosecution's failure to turn over exculpatory or impeaching information under Brady v. Maryland, 373 U.S. 83 (1963); (2) the prosecution's fraud on the court in failing to correct testimony it knew or had reason to believe was false and misleading; (3) new evidence demonstrating it is more likely than not that no reasonable juror could have found Burton guilty beyond a reasonable doubt; (4) the court's failure to grant reasonable requests for discovery in light of the Commonwealth's illegal withholding of evidence, depriving Burton of post-conviction relief; (5) state court counsel's ineffective assistance in failing to raise or properly litigate the above issues; and (6) cumulative error. Petition for Writ of Habeas Corpus ("Petition"), No. 09-2435, paper no. 5.

Petitioner states that, following his release from eleven years of solitary confinement in 2002, he sought his trial record, lost since a time prior to 1990. Petition, at 8. In July of 2003, counsel hired by Burton's family located his trial record, containing a transcript of an undisclosed immunity hearing for prosecution witness Marie Williams. Williams allegedly exonerated Burton. Petition, at 9. Burton alleges that the sole transcript of Williams' immunity

5

hearing was in the possession of the prosecution and not available to him nor independently discoverable. Petition, at 10. Petitioner argues that, based on this evidence, this court may address his claims on the merits, pursuant to 28 U.S.C. § 2244(b)(2):

> (b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Section 2244(b)(3)(A) specifically prohibits a district court from addressing any second or successive petition without first being granted permission to do so by the court of appeals. This applies to new claims based upon after-acquired evidence. See O'Neill v. Grace, Nos. 06-2043 and 99-3762, 2007 U.S. Dist. LEXIS 55058, 2007 WL 2188506, at *4 (E.D. Pa. Jul. 27, 2007). Burton seeks relief from his 1972 conviction in the Philadelphia Court of Common Pleas, the same conviction from which he sought habeas relief in 1988 and 1999. See Report and Recommendation, No. 88-0120, at 1; Burton v. Frank, 99-0333 (E.D. Pa. 1999). The 1988 petition was dismissed on the merits, rendering Burton's current petition "second or successive," and subject to the AEDPA's gatekeeping provision.

6

Section 2244(b)(2) states the standard by which this court should review Burton's current petition, if and when the Court of Appeals for the Third Circuit allows this case to proceed. This court lacks subject matter jurisdiction to address petitioner's evidence of alleged prosecutorial misconduct under section 2244(b)(2) without petitioner having received permission to proceed from the court of appeals under section 2244(b)(3); see Burton v. Stewart, 549 U.S. 147 (2007). This court's only options are to dismiss the petition, or transfer it directly to the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 1631. See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); see also 3d Cir. L.A.R. 22.5(h) (setting forth procedures for the certification and transfer of the record in the event that a district court transfers a second or successive habeas petition to the court of appeals). Transfer is preferable to outright dismissal, because it ensures that Burton's filing error will not bar his petition under the statute of limitations established by the AEDPA. See 28 U.S.C. § 2244(d). A case transferred under section 1631 will be treated as having been filed in the transferee court on the date on which it was actually filed in the transferor court, i.e., May 28, 2009.

This court lacks subject matter jurisdiction of Burton's claims absent permission from the Court of Appeals. Burton's Second Amended Motion for Reconsideration (paper no. 12) of the court's order of August 6, 2009 (paper no. 7), will be granted in part and denied in part. This court respectfully transfers petitioner's case to the United States Court of Appeals for the Third Circuit for determination whether this petition may proceed in the district court. In all other respects, Burton's Second Amended Motion for Reconsideration will be denied. An appropriate Order will follow.