IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BURTON | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MARTIN HORN, GERALD L. ROZUM, | : | No. 09-2435 |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PHILADELPHIA | : | |

**NORMA L. SHAPIRO, J.**                                                   September 26, 2013

## MEMORANDUM

Before the court is a motion for reconsideration of a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 by Frederick Burton ("Burton"). Papers nos. 74 and 76. On March 27, 2013, the court issued a Memorandum (paper no. 72) ("Mem.") and Order (paper no. 73) dismissing Burton's habeas corpus petition as untimely.[1] Burton asserts that a recent Supreme Court decision, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), represents an intervening change in controlling law compelling the court to grant his petition. He also contends the court made four errors of law and fact in dismissing his petition. For the reasons stated below, the motion for reconsideration will be granted in part and denied in part, and Burton's habeas petition will again be dismissed.

**I.  MOTION FOR RECONSIDERATION**

Motions for reconsideration serve to correct manifest errors of law or fact. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration should "address[]

---

[1] The facts and procedural history giving rise to Burton's habeas petition are set forth in the court's previous opinion. 2013 WL 1285433 (E.D. Pa. Mar. 27, 2013).

1

only factual and legal matters that the court may have overlooked. It is improper on a motion for reconsideration to ask the court to rethink what it has already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A court should reconsider a decision only when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. *Max's Seafood Café By Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Burton moves for reconsideration based upon the first and third of these grounds.

### A. *Alleged Errors of Law and Fact*

Burton argues the court made four errors of law and fact in dismissing his habeas corpus petition. He asserts the court erred by:

(1) stating that Burton conceded in his briefing that he could have obtained the third preliminary hearing transcript in 2003;

(2) finding that Burton's petition was not statutorily tolled;

(3) failing to consider that a "stay and abey" order was unavailable to Burton in exhausting his state court remedies; and

(4) not analyzing the merits of Burton's actual innocence claim.

As discussed below, Burton raises no new issues or evidence from which the Court could conclude that there has been any clear error of law or fact. Burton's motion to reconsider based

2

on alleged errors of law and fact will be denied.

### B. McQuiggin v. Perkins

Burton argues that the instant motion should be granted because the United States Supreme Court's decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), after this court dismissed Burton's petition as untimely is an intervening change in controlling law. In *McQuiggin*, the Court held that a failure to submit a timely petition for habeas under the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) did not serve as an absolute bar to relief where a petitioner presents a claim of actual innocence. 133 S. Ct. at 1930-31. Instead, the Court found that failing to meet the requirements of AEDPA's statute of limitations should be considered by the federal habeas court "as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928. In reaching this conclusion, the Court extended its "miscarriage of justice exception" to AEDPA's statute of limitations. *Id.* at 1931-33. Burton's motion to reconsider the court's order in light of intervening law will be granted on this limited ground.

## II. DISCUSSION

### A. *Whether the Court Erred in Determining that Burton Could Have Obtained the Third Preliminary Hearing Transcript in 2003*

Burton argues that the court made a mistake of fact when it stated that Burton conceded that "at some point prior to 2003" he could have obtained a copy of the third preliminary hearing transcript. *See* Mot. at 3-8; Mem. at 8. Burton does not contest the court's finding that, regardless of when Mr. Burton actually obtained a physical copy of the transcript, he was aware of the factual predicate underlying the transcript evidence, since both he and his counsel were

3

present at the third preliminary hearing. Mem. at 8. Regardless whether the court uses August 2003 (when Burton obtained the immunity hearing transcript and Ms. Williams's letter) or August 22, 2005 (when Burton obtained the third preliminary hearing transcript), his petition is not timely.

Burton argues that, using August 22, 2005 as a start date, the court should reconsider Burton's diligence in determining that equitable tolling does not apply to Burton's petition. Mot. at 9 n.1. Burton's argument lacks merit. In this circuit, equitable tolling is available to toll AEDPA's statute of limitations when "the principles of equity would make the rigid application of a limitation period unfair." *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (alterations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Burton must establish that he was diligently pursuing his rights "throughout the period he seek to toll." *Warren v. Gavin*, 219 F.3d 111, 113 (2d Cir. 2000).

The court already analyzed Burton's diligence in filing his state petition and concluded that Burton had not shown any basis to toll the limitations period. Report and Recommendation (paper no. 46) at 19-22. Burton filed the instant petition in this court on May 28, 2009, seven months after the Pennsylvania Supreme Court rejected his 2004 PCRA appeal on October 8, 2008. Burton's 2004 PCRA petition was pending at the time that he actually obtained the third preliminary hearing transcript on August 22, 2005, but Burton took no additional action to try preserve his federal rights in light of this "new" evidence for nearly four years. Burton's

4

conduct cannot be considered diligent for tolling purposes.

Because the court again finds that Burton cannot meet the first prong, it does not need to decide whether "some extraordinary circumstance stood in [Burton's] way." *See, e.g.*, *Pace*, 544 U.S. at 418.

### B. *Whether the Court Erred in Finding that Burton's Petition Should Not Be Statutorily Tolled*

Burton argues that *Artuz v. Bennett*, 531 U.S. 408 (2000), allowed a federal court to consider an untimely claim as properly filed in state court in order to toll statutorily his petition and that *Aruz* governed his 2004 PCRA petition. Mot. at 9-11. The court already considered and rejected Mr. Burton's arguments under *Artuz* together with Burton's other cited law in its original opinion. Mem. at 10 n.8 ("This circuit determined well before Pace that an untimely PCRA petition is not 'properly filed' for statutory tolling purposes."). Burton offers no new reason why the court should now reconsider its previous ruling.

### C. *Whether the Court Erred in Considering Whether a Stay and Abey Order Was Available to Mr. Burton*

Burton asserts that the court should have considered that a stay and abey order was unavailable to Burton at the time he filed his petition. Mot. at 11-12. As the court noted in its original order, the Supreme Court adopted the "stay and abey" approach, which permits a petitioner to file a habeas petition in federal court concurrently with a petition for post-conviction relief in state court and allows the federal court to hold such an order in abeyance until the conclusion of the petitioner's state claims. Report and Recommendation at 19-20 n.18. Burton misunderstands the court's previous order. In concluding that Burton had not shown

diligence, the court adopted Magistrate Judge Hey's analysis of "the efforts he undertook to bring his claims in *state* court." Report and Recommendation at 19 (emphasis added). Because the court did not rely on Burton's failure to move for a stay and abey order in this court in making this conclusion, the unavailability of such an order does not require the court to reconsider its previously stated position.

### D. *Whether the Court Erred in Not Considering Burton's Actual Innocence Claim*

Burton argues that the court should reach a determination of Burton's claim of actual innocence under the standard articulated in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Mot. at 13. Burton misapprehends this court's previous ruling. The court adopted Magistrate Judge Hey's Report and Recommendation and Supplement Report and Recommendation (paper no. 73), including her analysis and rejection of Burton's actual innocence claim under *Schlup*. Report and Recommendation at 27-32; Supplemental Report and Recommendation (paper no. 64) at 9-14. Burton offers no reason why the court should now reject Magistrate Judge Hey's previously adopted decision.

### E. *Whether* **McQuiggin** *Represents an Intervening Change in Law*

In his Supplemental Motion (paper no. 76), Burton argues that the Supreme Court's decision in *McQuggin* is an intervening change in law warranting reconsideration of the court's decision to deny his habeas petition. This final argument has merit. This court ordered Burton's habeas petition be denied on March 27, 2013. The Supreme Court's decision in *McQuiggin* was decided on May 28, 2013. As discussed above, in *McQuiggin*, the Supreme Court decided for the first time that failure to submit a timely petition under AEDPA's statute of limitations does not serve as an absolute bar to relief when a habeas petitioner presents a claim of actual

innocence. 133 S. Ct. 1930-31. This was a change in the controlling law relevant to Burton's claims.

Although the court will grant Burton's motion to reconsider in light of intervening law, that will not require granting this habeas petition. In remanding the case to the Court of Appeals in *McQuiggin*, the Supreme Court instructed that "the District Court's appraisal of Perkin's petition as insufficient to meet *Schlup*'s actual-innocence standard should be dispositive." *Id.* at 1936. Here, Magistrate Judge Hey's appraisal of Burton's petition as insufficient to meet *Schlup*'s actual-innocence standard and this court's adoption of that appraisal are dispositive. Burton's petition will again be denied.

## III. CONCLUSION

For the foregoing reasons, Burton's motion for reconsideration will be GRANTED IN PART and DENIED IN PART.

Burton's motion for reconsideration for intervening change in law will be GRANTED.

Burton's motion for reconsideration for alleged errors of law or fact will be DENIED.

Burton's petition for habeas relief will again be DENIED.

*/s/ Norma L. Shapiro*

J.