IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BURTON,<br><br>        *Petitioner*,<br><br>v.<br><br>MARTIN HORN, *et al.*,<br><br>        *Respondents*. | CIVIL ACTION<br>NO. 09-02435 |

**PAPPERT, J.**  October 22, 2018

## MEMORANDUM

Nearly 50 years ago, Petitioner Frederick Burton was convicted of first degree murder, assault with intent to murder and conspiracy. After unsuccessful attempts to challenge his conviction on direct appeal and initial collateral review, Burton first filed a petition for *habeas corpus* relief under 28 U.S.C. § 2254 in 1987. The court denied the petition on the merits. Since then, Burton has filed numerous petitions for relief in both state and federal court. In 2009, Burton received certification from the Third Circuit to pursue a successive habeas petition. The district court deemed that petition untimely and found that Burton was not entitled to the actual innocence exception to the one-year statute of limitations. The Third Circuit affirmed that decision in a non-precedential opinion.

Burton asks this court for relief from that judgment in a Rule 60(b)(6) Motion on the basis of a purported change in decisional law. Burton also seeks relief through a Supplemental Rule 60(b) Motion for newly discovered evidence under Rule 60(b)(2) and alleged fraud by the Commonwealth of Pennsylvania under Rule 60(b)(3). Burton filed

1

a Motion for Discovery related to these claims. The Court denies all three motions for the reasons below.

I

In 1972, Burton was convicted of first degree murder and related charges for the killing of a Fairmount Park Police Officer and the shooting of a Philadelphia Police Officer. N. T., 12/7/72, at 550–51.[1] Burton was sentenced to life imprisonment on the murder conviction. N.T., 12/12/73, at 6–8. The Pennsylvania Supreme Court affirmed the conviction and sentence on direct appeal. *Com. v. Burton*, 459 Pa. 550 (1974).

On September 30, 1981, Burton filed a counseled petition pursuant to the Pennsylvania Post-Conviction Hearing Act ("PCHA"), the precursor to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq*. The court denied his petition. *Com. v. Burton*, No. 1004 (Phila. C.C.P. Jan. 9, 1984). The Pennsylvania Superior Court affirmed the denial, *Com. v. Burton*, No. 584 Phila. 1984 (Pa. Super. Apr. 26, 1985), and the Pennsylvania Supreme Court denied allowance of appeal, *Com. v. Burton*, 895 E.D. Allocatur Dkt. 1985 (Pa. Mar. 7, 1986).

In 1987, Burton filed a petition for a writ of *habeas corpus* in the United States District Court for the Western District of Pennsylvania. The petition was transferred to this District. Burton argued his trial counsel was ineffective for failing to: 1) seek suppression of certain evidence; 2) object to testimony of the decedent's widow and 3) object to prejudicial remarks in the prosecutor's closing statement. The court denied Burton's petition on the merits. *Burton v. Petsock*, No. 88–102 (E.D. Pa. Nov. 4, 1988).

---

[1] In recounting the 46-year procedural history of this case, the court draws heavily from the procedural recitation in the court's 2013 opinion. *See Burton v. Horn*, No. CIV.A. 09-2435, 2013 WL 1285433, at *1 (E.D. Pa. Mar. 27, 2013).

2

Burton filed a PCRA petition on November 14, 1991. The court dismissed the petition because the claims had been litigated or waived. *Com. v. Burton*, No. 1004 (Phila. C.C.P. Dec. 5, 1991). Burton filed a second habeas petition in 1999, which our court dismissed as successive. *Burton v. Frank*, No. 99–333 (E.D. Pa. Mar. 5, 1999).

On September 21, 2004, Burton filed a *pro se* PCRA petition claiming he was denied access to documents from the immunity hearing of Marie Williams, a key witness at his trial. Burton's counsel filed an amended petition challenging the prosecutor's use of peremptory challenges in jury selection and the Commonwealth's failure to disclose evidence undermining Ms. Williams's trial testimony along with two statements she gave to police shortly after the shootings implicating her husband and the other defendants.

The PCRA court dismissed Burton's petition as untimely. *Com. v. Burton,* Nos. 1004, 1005 (Phila. C.C.P. Oct. 16, 2006). On appeal to the Superior Court, Burton argued that an exception to the PCRA statute of limitations should apply. The Superior Court, finding Burton was not entitled to an exception, affirmed denial of his petition. *Com. v. Burton,* 2519 EDA 2006 (Pa. Super. Ct. Oct. 24, 2007). The Pennsylvania Supreme Court again denied Burton's petition for allowance of appeal. *Com. v. Burton,* 686 EAL 2007 (Pa. Oct. 8, 2008).

On May 28, 2009, Burton filed a counseled petition for a writ of *habeas corpus*. The court dismissed the petition as successive, but transferred it to the Third Circuit Court of Appeals to determine whether the merits should be addressed. *Burton v. Horn*, 2009 WL 3335223 (E.D. Pa. Oct.13, 2009). The Court of Appeals permitted Burton to file his successive petition in the district court.

Judge Shapiro referred the petition to Magistrate Judge Hey for a report and recommendation. Judge Hey recommended the dismissal of Burton's petition as untimely. She found that: 1) Burton's petition was filed after the federal habeas limitations period; 2) statutory tolling did not apply and 3) Burton was not entitled to equitable tolling. (R. & R., ECF No. 46.) In 2013, the court adopted Judge Hey's R & R, overruled Burton's objections, and dismissed his habeas petition as untimely. *Burton v. Horn*, No. CIV.A. 09-2435, 2013 WL 1285433, at *1 (E.D. Pa. Mar. 27, 2013).

Shortly after that ruling, the United States Supreme Court decided *McQuiggin v. Perkins*, 569 U.S. 383 (2013), which held for the first time that failure to submit a timely petition under AEDPA's statute of limitations does not serve as an absolute bar to relief when a habeas petitioner presents a claim of actual innocence. Burton then filed a Motion for Reconsideration, arguing that *McQuiggin* was an intervening change in law compelling the court to grant his petition. (Mot. Recons., ECF No. 74); (Suppl. Mot. Recons., ECF No. 76.) Judge Shapiro granted Burton's motion to reconsider in light of *McQuiggin*, but again denied his habeas petition, finding that the petition did not meet the actual innocence standard. *Burton v. Horn*, No. CIV.A. 09-2435, 2013 WL 5410833, at *3 (E.D. Pa. Sept. 26, 2013).

Burton appealed the district court's decision, contending that he should have been permitted to advance his claims because he could show actual innocence within the meaning of *McQuiggin* and because he was entitled to equitable tolling. The Third Circuit, in a non-precedential opinion, affirmed the district court. *Burton v. Horn*, 617 F. App'x 196, 197 (3d Cir. 2015). The Third Circuit found that Burton's habeas petition was untimely and that Burton had not made a convincing demonstration of actual

4

innocence. *Id.* As such, Burton was not eligible for the actual innocence exception to the time-bar.

Burton now seeks relief under Rule 60(b) from the Third Circuit's decision. He contends that the Third Circuit's ruling in *Satterfield v. Dist. Attorney Philadelphia*, 872 F.3d 152 (3d Cir. 2017) constituted a change in decisional law that allows him to relitigate many of his failed actual innocence arguments. (Mot. Relief J., ECF No. 87.) Burton also filed a Motion for Discovery on June 15, 2018, (Mot. Disc., ECF No. 94) and Supplemental Rule 60(b)(2) and 60(b)(3) Motions on August 1, 2018 based upon newly discovered evidence and fraud. (Suppl. Mot. Relief J., ECF No. 97.)

II

Rule 60(b) provides litigants with a mechanism by which they may obtain relief from a final judgment under a limited set of circumstances, including: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment or (6) "for any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b).

In his first Rule 60(b) Motion, Burton asks the court for relief under Rule 60(b)(6) based on a change in decisional law. In his Supplemental Motion, Burton asks the Court for relief based upon newly discovered evidence under Rule 60(b)(2) and fraud under Rule 60(b)(3). The Court addresses each in turn.

A

"Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing Fed. R. Civ. P. 60(b)(6)). Relief under Rule 60(b)(6) should be granted only in "extraordinary circumstances," *Gonzalez v.*

5

*Crosby*, 545 U.S. 524, 535 (2005), "where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (citations omitted).

Burton contends that the Third Circuit's *Satterfield* decision is an "extraordinary circumstance" for his case that entitles him to relief under Rule 60(b)(6). In general, changes in the law rarely justify relief from final judgments under 60(b)(6), "particularly in the habeas context." *Gonzalez*, 545 U.S. at 535–36. However, a change in law may support Rule 60(b)(6) relief when accompanied by appropriate equitable circumstances. *See id.* at 524.

In *Satterfield*, the Third Circuit provided guidance for district courts on how to conduct the Rule 60(b)(6) analysis based upon a change in decisional law. The court held that "a district court addressing a Rule 60(b)(6) motion premised on a change in decisional law must examine the full panoply of equitable circumstances in the particular case before rendering a decision," *Satterfield*, 872 F. 3d at 155, including the "underlying constitutional claims." *Id.* at 163. *Satterfield* also instructed that "[w]henever a petitioner bases a Rule 60(b)(6) motion on a change in decisional law, the court should evaluate the nature of the change along with all of the equitable circumstances and clearly articulate the reasoning underlying its ultimate determination." *Id.* at 162.

Burton contends that *Satterfield* is new law because *Satterfield's* holding is not limited to the Rule 60(b)(6) context, but instead extends to the actual innocence analysis. *See* (Mot. Relief J. 6.) Burton alleges that "*Satterfield* [ ] clearly articulated for the first time in the Third Circuit that courts reviewing actual innocence claims

6

must consider the gravity of the underlying claims of constitutional error as part of its analysis." *Id.* His argument seems to be that the Court must reopen his habeas petition to reevaluate the actual innocence analysis in light of *Satterfield*. Before addressing the merits of Burton's Rule 60(b) motion, however, the Court must first determine whether the motion is timely, *see* Fed. R. Civ. P. 60(c)(1), and in the habeas context whether the motion is a second or successive habeas petition. *Gonzalez*, 545 U.S. at 530.

i

Relief under Rule 60(b)(6) is not limited by a strictly defined time period, but can be afforded if it is sought "within a reasonable time." *See Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). What constitutes a reasonable time depends "to a large extent upon the particular circumstances alleged." *See Lasky v. Cont'l Prod. Corp.*, 804 F.2d 250, 255 (3d Cir. 1986). Where a Rule 60(b)(6) motion seeks relief on the basis of a change in law, the time period for the reasonableness determination will be measured from the date of the decision. *See Cox*, 757 F. 3d at 113 (finding that ninety days after the new case was decided was a reasonable time for a Rule 60(b)(6) motion based upon a change in law). Burton claims that the Third Circuit's *Satterfield* decision is a change in law that entitles him to relief under Rule 60(b)(6). Burton's motion was brought 78 days after the *Satterfield* decision, and his motion is timely.

ii

Courts must determine whether the Rule 60(b) motion is a second or successive habeas petition before addressing the merits of the motion. *Gonzalez*, 545 U.S. at 530. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a

second or successive habeas petition must be certified by a panel of the respective court of appeals before proceeding.  28 U.S.C. § 2253(h).  Under AEDPA, district courts lack subject matter jurisdiction for second or successive habeas petitions that are not precertified by the court of appeals.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

A Rule 60(b) motion is treated as a successive habeas petition if it is based on a challenge to the underlying conviction or attacks a previous federal court resolution of a claim on the merits.  *Gonzalez*, 545 U.S. at 532.  A resolution of a claim on the merits occurs when there is a determination by the court that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).  *Id.* at 532 n.4.

If, however, "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."  *Id*. at 533.  A petitioner does not attack a claim on the merits where he merely asserts that a previous ruling which precluded a merits determination was in error.  *Id.* at 532 n.4.  Examples of non-merits rulings include those denying habeas relief for failure to exhaust, procedural default, or a statute-of-limitations bar.  *Id.*

Here, the court did not previously address the merits of Burton's habeas petition; Judge Shapiro ruled that Burton's claim was time barred and that Burton was not entitled to the actual innocence exception.  *See Burton*, 617 F. App'x at 197.  In his latest effort, Burton challenges the validity of the court's application of the actual innocence exception to AEDPA's statute of limitations in light of *Satterfield*.  Because

8

Burton seeks relief from an allegedly incorrect procedural ruling, his motion is a permissible 60(b) motion, not an unauthorized second or successive habeas petition, which the Court can consider without precertification from the Third Circuit. *See Gonzalez*, 545 U.S. at 535.

iii

Burton's interpretation of *Satterfield*, however, is wrong. He argues that "Satterfield [ ] clearly articulated for the first time in the Third Circuit that courts reviewing actual innocence claims must consider the gravity of the underlying claims of constitutional error as an equitable part of its analysis." (Mot. Relief. J. 6.) *Satterfield* has no bearing on the actual innocence determination; the decision instructs district courts how to conduct the Rule 60(b)(6) analysis for relief from a final judgment.

As such, *Satterfield* is not new law, but reaffirms established Supreme Court and Third Circuit precedent that courts must consider equitable factors, including the underlying constitutional claims, in their Rule 60(b)(6) analysis. *See Gonzalez*, 545 U.S. at 540 ("A district court considering a Rule 60(b) motion will often take into account a variety of factors in addition to the specific ground given for reopening the judgment . . . includ[ing] . . . the probable merit of the movant's underlying claims[.]"); *Cox*, 757 F.3d at 122 (The Third Circuit has "long employed a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into account all the particulars of a movant's case"); *Lasky*, 804 F.2d at 256 n.10 (Other "relevant factors and propositions," that the district court may consider in exercising its discretion on a Rule 60(b) motion "include . . . whether there is

merit in the defense or claim"). At most, *Satterfield* clarifies the types of equitable factors courts must consider when conducting the Rule 60(b) analysis.

A change in the law does not support a Rule 60(b) motion unless the change is actually relevant to the movant's position. *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015). *Satterfield* is not relevant to the court's previous ruling that Burton's habeas petition was time barred under AEDPA and that Burton failed to meet the actual innocence exception. *Satterfield* is thus not a change in law that would constitute "extraordinary circumstances" with respect to Burton's case because it does not, as Burton argues, touch on the actual innocence analysis.

### iv

*Satterfield*'s required analysis is a bit unclear in cases such as this one where there has obviously been no change in decisional law to begin with. Nonetheless, *Satterfield* instructs "wherever a petition *bases* a Rule 60(b)(6) motion on a change in decisional law," district courts "should evaluate the nature of the change along with all of the equitable circumstances . . . [and] that the nature of the change in decisional law itself must be a factor in the analysis." *Satterfield*, 872 F. 3d at 162 (emphasis added). On the assumption that it is not enough for the Court to end its reasoning by concluding that *Satterfield* did not change the law, the Court will evaluate the equitable considerations.

Those factors include: (1) the general desirability that a final judgment should not be lightly disturbed; (2) the procedure provided by Rule 60(b) is not a substitute for an appeal; (3) the Rule should be liberally construed for the purpose of doing substantial justice; (4) whether, although the motion is made within the maximum

10

time, if any, provided by the Rule, the motion is made within a reasonable time; (5) whether there are any intervening equities which make it inequitable to grant relief; (6) any other factor that is relevant to the justice of the order under attack. *See Lasky*, 804 F.2d at 256. Another factor that courts should consider is the severity of the underlying constitutional violation. *See Satterfield*, 872 F.3d at 163 (citing *Buck v. Davis*, 137 S. Ct. 759 (2017)).

After considering these equitable factors, the Court finds that no extraordinary circumstances exist that warrant relief under Rule 60(b)(6). Burton's conviction and initial federal habeas proceeding were completed decades ago, which gives weight to the state's interest in finality. *See Cox*, 757 F.3d at 125. There are no intervening equities that would support reopening his habeas petition. Moreover, Burton attempts to use Rule 60(b) as a substitute for appeal of the court's previous ruling that he failed to demonstrate the actual innocence exception to AEDPA's one year statute of limitations. For example, Burton contends that the court should consider as part of the equitable balancing that "Mr. Burton is innocent." *See* (Mot. Relief J. 33). The district court and Third Circuit both found that Burton previously failed to show that he was entitled to the actual innocence exception; this analysis does not need to be redone.

B

In his Supplemental Rule 60(b) Motion, Burton contends that his habeas petition should be reopened based on newly discovered evidence under Rule 60(b)(2) and fraud under Rule 60(b)(3). *See* (Suppl. Mot. Relief J.).

On June 15, 2018, the Commonwealth provided Burton with (1) the Pennsylvania Attorney General and District Attorney's joint petition for Marie

11

Williams' immunity and (2) Marie Williams' response in opposition. (*Id.* at 1.) The documents purport to authenticate a 1970 letter from Marie Williams and describe her expected testimony and willingness to testify at his original trial. (*Id.* at 1–2.) Burton claims that Williams's immunity answer is replete with "materially exculpatory evidence not known to [Burton]." (*Id.* at 2.) Burton also contends that the Commonwealth's purported withholding of the immunity answer "clearly demonstrates misconduct by an opposing party, misrepresentation and a fraud on the court." (*Id.* at 13.) Specifically, Burton alleges that "the Commonwealth misrepresented to state and federal judges that it did not actually possess the very document Mr. Burton repeatedly requested." (*Id.* at 15.)

i

Motions under Rules 60(b)(2) and 60(b)(3) must be made "no more than one year after the entry of judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). Burton's request for habeas relief was denied by the district court on September 26, 2013, and affirmed on appeal on June 9, 2015. Burton did not bring these claims until over four years after the district court's decision and two and a half years after the Third Circuit's ruling. Although Burton brought his Rule 60(b)(2) and 60(b)(3) motions shortly after receiving the documents, that does not render his motion timely. Under Fed. R. Civ. P. 60(c)(1), the date of judgment is what controls for Rules 60(b)(2) and 60(b)(3).

Burton concedes that these claims are time barred in his reply brief. *See* (Reply Supp. Suppl. Mot. Relief J. 5). He then attempts to recast his claims under Rule 60(b)(6), *see id.* at 2–3, which is not subject to the one-year limitation. Burton's attempt

12

to avoid the one-year time limitation under Rule 60(b)(2) and (60)(b)(3) by reframing his claim under Rule 60(b)(6) is futile. Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1–3) may be circumvented. *Stradley*, 518 F.2d at 493. While Burton presents the motions under Rule 60(b)(6), the function of a motion, not the caption of the motion, dictates which Rule applies. *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir.1984).

Section (6) is only available when the relief sought is based upon "any other reason" than a reason which would warrant relief under 60(b)(1-5). *See Stradley*, 518 F.2d at 493; *see also Walsh v. United States*, 639 F. App'x 108, 111 (3d Cir. 2016) ("If the asserted ground for relief falls within one of the enumerated grounds . . . subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available."). Because newly discovered evidence and fraud are two of the reasons for relief, appearing in subsections (2) and (3), Rule 60(b)(6) is not available as "any other reason" under subsection (6). The Court lacks discretion to waive the one-year time limit and must deny Burton's Supplemental Motion.

ii

Even if the claims were not time barred, the Court does not have jurisdiction to review the merits of these claims on the basis of newly discovered evidence. When a motion presents newly discovered evidence under Fed. Rule Civ. Proc. 60(b)(2), in support of a claim already litigated, it is a second or successive petition. *Gonzalez*, 545 U.S. at 531. Burton is attempting to re-litigate these claims already decided in his habeas petition; he is not questioning Judge Shapiro's conclusion that claims were time barred. For example, in his motion, he argues that "the information contained within

the immunity answer is more than sufficient to undermine confidence in the outcome of trial." (Reply. Supp. Suppl. Mot. Relief J. 13.) If Burton wishes to make this argument, he must receive certification from the Third Circuit to proceed. Burton may not use Rule 60(b) as a vehicle to bring these second or successive habeas petitions, and this Court lacks jurisdiction to hear them.[2]

C

Burton also asks the Court to reopen his habeas petition for fraud upon the court that occurred in the habeas proceedings under Rule 60(d)(3). Unlike the fraud provision in Rule 60(b)(3), Rule 60(d)(3) does not have a time limitation. *See* Fed. R. Civ. P. 60(d)(3); *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007) ("Claims of fraud upon the court [under Rule 60(d)(3)] are not governed by the one year limitation period, but instead must be commenced within a reasonable time of the discovery of the fraud.").

The party seeking relief under Rule 60(d)(3) must establish fraud "by clear and convincing evidence." *Hatchigian v. Int'l Bhd. of Elec. Workers Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir.1987)). While the Third Circuit has not directly addressed the requisite level of fraud under Rule 60(d)(3), other circuits have consistently held that only the "most egregious misconduct" satisfies the rule. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978) ("Generally speaking, only the most egregious

---

[2] To the extent that Burton claims fraud occurred in the habeas proceedings, as opposed to his underlying conviction, the court does have jurisdiction to review these claims. *See Gonzalez*, 545 U.S. at 532 n.5 ("Fraud on the federal habeas court" is not a second or successive proceeding). However, the Court declines to review the merits under Rule 60(b)(3) as the Motion was not brought within one year of the judgment and is accordingly time barred.

14

misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."); *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) ("Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.").

Here, it is not apparent that any fraud occurred, let alone the type of "egregious misconduct" required under 60(d)(3). Burton alleges that the Commonwealth committed numerous instances of fraud in the habeas proceedings. He claims that "[i]n its 2005 PCRA and 2009 habeas pleadings, the Commonwealth misrepresented to numerous state and federal courts that Ms. William's October 14, 1970, letter was unauthenticated." (Suppl. Mot. Relief J. 10.) Even if true, such an argument is immaterial to the case, as the district court previously found the "authenticity of Ms. Williams's letter [was] irrelevant" in its decision to deny Burton's petition as untimely. *Burton*, No. CIV.A. 09-2435, 2013 WL 1285433 at 7.

Burton also contends that the "Commonwealth [ ] made intentionally [sic] misrepresentations relating to its full disclosure of discovery in its response to his 2009 habeas discovery motion" and "misrepresented to state and federal judges that it did not actually possess the [immunity documents]." (*Id*. at 14–15.) However, the evidence suggests that Burton had access to these documents before his trial. They were filed in the Philadelphia Court of Common Pleas in November of 1970 and could have been discovered before trial through the exercise of reasonable diligence. *See* (Resp. Opp'n Suppl. Mot. Relief J. 13); *see also* (Resp. Opp'n Pet. Writ Habeas Corpus, Ex. 13, ECF No. 28). Furthermore, the Commonwealth was not obligated to disclose such

15

documents, as the district court previously denied Burton's motion for discovery. *See* (R. & R., ECF No. 46); (Order Den. Pet'r Mot. for Disc., ECF No. 59).

III

Burton also filed a Motion for Discovery pursuant to Federal Rule 6(a) Governing § 2254 Cases, seeking: 1) The Attorney General and District Attorney's joint petition for Marie Williams' immunity; 2) Marie Williams' response in opposition with any attached documents; and 3) "any documents relating to the communications with, or about Marie Williams as it pertains to Mr. Burton's prosecution." (Mot. Disc. 4–5, ECF No. 94.)

Burton's first two requests are now moot because he received these documents on June 15, 2018. (Reply Supp. Suppl. Mot. Relief J. 1.) The only outstanding discovery request is part three, the general demand for documents relating to Marie Williams as it pertains to Burton's prosecution.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery requests in the habeas context are governed by Rule 6, which provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a) R. Gov. § 2254 Cases. "The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011).

However, where there appears to be a threshold legal bar to a habeas petition, the proper course is to deny motions seeking factual discovery. *See Brown v. DiGuglielmo*, No. 07-3465, 2007 WL 4242266, at *1 (E.D. Pa. Nov. 29, 2007)

16

("Petitioner's claims are either time-barred or not cognizable in habeas, so even if the Petition is not frivolous, the requested discovery on the merits of Petitioner's claims would benefit neither Petitioner nor the court.").

None of the discovery Burton seeks is relevant to the district court's threshold procedural finding, affirmed by the Third Circuit, that his habeas petition was untimely filed. Consequently, "any discovery to aid in the presentation of this claim would not assist Petitioner in demonstrating that he is entitled to relief because the claim cannot be reviewed at this time." *Johnson v. Bickell*, No. CIV.A. 11-4555, 2012 WL 935754, at 5 (E.D. Pa. Mar. 5, 2012).

Furthermore, Burton has failed to show good cause for such discovery. His factual allegations, if fully developed, would not entitle him to a writ. *See Williams*, 637 F.3d at 209. Burton claims that "documents relating to communications with, and maintenance of, Marie Williams should they exist, may demonstrate a motive for offering inculpatory testimony against Mr. Burton." (Mot. Disc. 5.) As the Third Circuit previously explained, "such evidence is impeachment evidence that calls into question Marie Williams's credibility but does not undermine the content of her testimony." *Burton*, 617 Fed. Appx. at 199. "Mere impeachment evidence" is not sufficient to satisfy the actual innocence standard. *Id*.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.